1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   HENRY A. JONES,

11              Plaintiff,                    No. CIV S-10-3206 MCE EFB P

12        vs.

13   SAHOTA, et al.,

14              Defendants.                   ORDER

15   _____/

16        Henry Jones, an inmate confined at California State Prison, Sacramento, filed this pro se

17   civil rights action under 42 U.S.C. § 1983 in the United States District Court for the District of

18   Columbia.  In addition to filing a complaint, plaintiff filed an application to proceed in forma

19   pauperis.  The case was transferred to this court on November 30, 2010.  This proceeding was

20   referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

21        Plaintiff also filed two motions requesting a change of venue, a motion to appoint

22   counsel, and a first amended complaint.

23   **I.    Request to Proceed In Forma Pauperis**

24        Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

25   Dckt. No. 2.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and

26   (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to

1

1  collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

2  § 1915(b)(1) and (2).

3  **II.   Screening Order**

4       Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in

5  which a prisoner seeks redress from a governmental entity or officer or employee of a

6  governmental entity."  28 U.S.C. § 1915A(a).  "On review, the court shall identify cognizable

7  claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous,

8  malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

9  from a defendant who is immune from such relief."  *Id.* § 1915A(b).

10      The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A

11 screening, finds that it states a cognizable claim against defendants Sahota, Venderstyme, Suarto,

12 Jaffe, and Does 1-10.  However, the use of Doe defendants is not favored in the Ninth Circuit.

13 *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  Should plaintiff learn the identities

14 of Does 1-10 through discovery, he may move to file an amended complaint to add them as

15 defendants.  *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197-98 (9th Cir. 2003).

16      For the reasons stated below, the complaint does not state a cognizable claim against

17 defendants Thompson, Nagalama and Vasquez. These claims will therefore be dismissed with

18 leave to amend.

19      A district court must construe a pro se pleading "liberally" to determine if it states a

20 claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

21 opportunity to cure them.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While

22 detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of

23 action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*. 129 S.Ct.

24 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff

25 must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is

26 plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  *Id.* at 1950.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

Plaintiff alleges that he had a sleep study performed, but that the results were missing from his medical file.  Defendant Thompson, a health records technician, was present when he was reviewing the file.  Later, plaintiff filed a 602 regarding the missing sleep study, stating that he needed the records for litigation purposes, and Thompson denied the 602.  Plaintiff does not allege that Thompson removed the document from the file.  Instead, he seems to be attempting to state an access to the courts claim.  In *Lewis v. Casey*, 518 U.S. 343 (1996), the United States Supreme Court held that prison inmates have a constitutionally protected right to access the courts to bring civil rights actions to challenge their conditions of confinement and to bring challenges to their criminal convictions. 518 U.S. at 351, 354-55.  The right is limited to direct criminal appeals, habeas petitions, and civil rights actions.  *Id.* at 354-55.  To state a claim he was denied access to the courts, plaintiff must allege that the deprivation actually injured his

1   litigation efforts, in that defendants hindered his efforts to bring, or caused him to lose, an

2   actionable claim of this type.  *See id.* at 351.  Plaintiff claims that he needed the sleep study

3   record for litigation.  However, he does not allege that Thompson destroyed the document, or

4   could have found the document and given it to him.  Neither does plaintiff allege that the loss of

5   the document actually injured his litigation efforts.  Thus, plaintiff has not made out an access to

6   the courts claim against Thompson.

7          Plaintiff alleges that he complained to defendant Nagalama, a physician, about his

8   chronic insomnia and heart problems.  Nagalama submitted a request to the Medical

9   Authorization Review Committee for services at U.C. Davis, but the request was denied.

10   Plaintiff had many conversations with Nagalama about his chronic insomnia and asked him for

11   an Ativan prescription, but Nagalama told him that he could not prescribe Ativan as it was a

12   psychiatric medication and that his sleep deprivation was a psychiatric problem and not a

13   medical problem.  Nagalama offered to prescribe Benadryl.

14          To state a section 1983 claim for violation of the Eighth Amendment based on inadequate

15   medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate

16   indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  To prevail,

17   plaintiff must show both that his medical needs were objectively serious, and that defendant

18   possessed a sufficiently culpable state of mind.  *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991);

19   *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992).  To act with deliberate indifference, a

20   prison official must both be aware of facts from which the inference could be drawn that a

21   substantial risk of serious harm exists, and he must also draw the inference.  *Farmer v. Brennan*,

22   511 U.S. 825, 837 (1994).  Thus, a defendant is liable if he knows that plaintiff faces "a

23   substantial risk of serious harm and disregards that risk by failing to take reasonable measures to

24   abate it."  *Id.* at 847.  "[I]t is enough that the official acted or failed to act despite his knowledge

25   of a substantial risk of serious harm."  *Id.* at 842.  A physician need not fail to treat an inmate

26   altogether in order to violate that inmate's Eighth Amendment rights.  *Ortiz v. City of Imperial*,

4

884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.*  Here, plaintiff alleges that Nagalama tried to arrange for services to treat him at an outside hospital, but could not, and was unable to prescribe the medication that plaintiff wanted because he was not a psychiatrist.  Plaintiff does not explain what actions or omissions of Nagalama's constituted deliberate indifference.

Plaintiff's first amended complaint does not contain any allegations against defendant Vasquez, except that he claims that Vasquez is the chief psychologist at his prison whose duties involve supervising subordinate personnel and coordinating the referral of chronic care patients. Plaintiff may not sue any supervisor on a theory that the supervisor is liable for the acts of his or her subordinates.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  "Because vicarious liability is inapplicable to...§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 129 S. Ct. at 1948.  A supervisor may be liable "for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (internal quotations omitted).

Claims against these defendants must therefore be dismissed.  Plaintiff may proceed forthwith to serve Sahota, Venderstyme, Suarto, and Jaffe and pursue his claims against only those defendants or he may delay serving any defendant and attempt to state a cognizable claim against defendants Thompson, Nagalama and Vasquez.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against Thompson, Nagalama and Vasquez, he has 30 days so to do.  He is not obligated to amend his

complaint.  However, if plaintiff elects to proceed forthwith against Sahota, Venderstyme, Suarto, and Jaffe, against whom he has stated a cognizable claim for relief, then within 30 days he must return materials for service of process enclosed herewith.  In this event the court will construe plaintiff's election as consent to dismissal of all claims against Thompson, Nagalama and Vasquez without prejudice.

Any amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading.  E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  Unrelated claims against different defendants must be pursued in multiple lawsuits. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the

required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

 The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of these instructions.

Plaintiff must sign the complaint.  Fed. R. Civ. P. 11(a).  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001).  By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against Sahota, Venderstyme, Suarto, and Jaffe.

////

////

7

III.     **Motion for Appointment of Counsel**

Plaintiff has requested that the court appoint counsel.   District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff.  28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The court finds that there are no exceptional circumstances in this case.  Plaintiff's motion for appointment of counsel is denied.

IV.     **Motions for Change of Venue**

Plaintiff requests that his case be transferred back to the District of Columbia where he filed it.  As the District of Columbia court wrote in its order transferring the case to this court, because none of the alleged events forming the basis of this complaint occurred in the District of Columbia and the named defendants are located in California, venue is not proper in the District of Columbia.  Plaintiff's requests are denied.

Accordingly, it is hereby ORDERED that:

1.  Plaintiff's request to proceed in forma pauperis is granted.

2.  Plaintiff shall pay the statutory filing fee of $350 for this action.  All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Claims against defendants Thompson, Nagalama and Vasquez are dismissed with leave to amend.  Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants.  Plaintiff is not obligated to amend his complaint.

4.  The allegations in the pleading are sufficient at least to state cognizable claims against defendants Sahota, Venderstyme, Suarto, and Jaffe.  *See* 28 U.S.C. § 1915A.  With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the complaint filed

February 9, 2011, four USM-285 forms and instructions for service of process on defendants Sahota, Venderstyme, Suarto, and Jaffe.  Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and five copies of the February 9, 2011 complaint.  The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure.  Defendants Sahota, Venderstyme, Suarto, and Jaffe will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure.  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants Thompson, Nagalama and Vasquez without prejudice.

   5.  Plaintiff's motions for a change of venue are denied.

   6.  Plaintiff's motion to appoint counsel is denied.

   7.  Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  April 15, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE EASTERN DISTRICT OF CALIFORNIA

7    HENRY A. JONES,

8              Plaintiff,                    No. CIV S-10-0326 MCE EFB

9        vs.

10   SAHOTA, et al.,

11             Defendants.          <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

12   _____/

13       In accordance with the court's order filed _____, plaintiff hereby

14   elects to:

15       (1)  _____   consent to the dismissal of defendants Thompson, Nagalama and Vasquez

16   without prejudice, and submits the following documents:

17              _1_          completed summons form

18              _4_          completed forms USM-285

19              _5_          copies of the February 9, 2011 first amended complaint

20   <u>**OR**</u>

21       (2)  _____   delay serving any defendant and files a second amended complaint in an

22   attempt to state cognizable claims against defendants Thompson, Nagalama and Vasquez.

23   Dated:

24

25                                    _____
                                                 Plaintiff

26