IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HENRY A. JONES,

      Plaintiff,                      No. CIV S-10-3206 MCE EFB P

    vs.

SAHOTA, et al.,

                                 ORDER AND
      Defendants.          FINDINGS AND RECOMMENDATIONS

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed several documents. First, he requested an extension of time to comply with the court's April 15, 2011, order directing him to submit service documents or an amended complaint. Plaintiff's request for an extension of time is granted; his May 3, 2011 submission of documents is deemed timely filed.

        However, the court ordered plaintiff to *either* submit service documents for defendants Sahota, Venderstyme, Suarto, and Jaffe, or file an amended complaint to attempt to again state a cognizable claim against defendants Thompson, Nagalama and Vasquez. The court also advised plaintiff that any amended complaint must be complete in itself without reference to any prior pleading, and that once plaintiff filed an amended complaint, his original complaint would be superseded.

1

1    Plaintiff did not comply with the court's instructions.  Plaintiff submitted a summons, but
2 did not supply defendants' addresses on the summons.  He submitted four USM forms for
3 defendants Sahota, Venderstyme, Suarto, and Jaffe, but only supplied an address for Sahota.  As
4 detailed below, plaintiff is given an opportunity to correct these deficiencies.  In addition, plaintiff
5 indicated that he wished to delay serving any defendant, and file a second amended complaint in
6 an attempt to state cognizable claims against defendants Thompson and Vasquez.

7    Plaintiff has also filed a document titled "Motion: Requesting the Courts to Keep
8 Defendant: S. Thompson."  Dckt. No. 17.  In this document, plaintiff further explains the factual
9 bases of his claims against defendants Thompson and Vasquez, and agrees that defendant
10 Nagalama should be dismissed.  Plaintiff states that he is attempting to sue defendant Thompson
11 for conspiracy.  He states that after defendant Vanderstyme told him that a sleep study existed in
12 his medical records, he requested an *Olson* review of the records.  Defendant Thompson brought
13 him his medical records, but he could not locate the document.  She brought him an additional
14 file, which would have taken him a long time to review due to his reading disability.  A few days
15 later, he had been put in administrative segregation.  Thompson came to his cell and asked if he
16 wanted to look in his chart again for the sleep study.  Plaintiff responded that since he had never
17 seen the document, he did not know what he was looking for.  He said to her that "if you [know]
18 what I'm looking for then you would alread[y] have it out."  Thompson said, "Ok I put you down
19 as a denial."  Plaintiff claims that Thompson should have found the document and given it to him.
20 He claims that she tried to help CDCR obstruct him from exhausting his legal remedies, which
21 lead to deprivation of access to the courts.

22    As explained in the court's previous order, plaintiff has not stated an access to the courts
23 claim.  Neither has plaintiff now stated a claim for conspiracy against defendant Thompson.  In
24 order to state a claim for conspiracy, plaintiff must allege specific facts showing two or more
25 persons intended to accomplish an unlawful objective of causing plaintiff harm and took some
26 concerted action in furtherance thereof.  *Gilbrook v. City of Westminster*, 177 F.3d 839, 856-57

(9th Cir. 1999); *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (to state claim for conspiracy under § 1983, plaintiff must allege facts showing an agreement among the alleged conspirators to deprive him of his rights); *Delew v. Wagner*, 143 F.3d 1219, 1223 (9th Cir. 1998) (to state claim for conspiracy under § 1983, plaintiff must allege at least facts from which such an agreement to deprive him of rights may be inferred); *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (per curiam) (conclusory allegations of conspiracy insufficient to state a valid § 1983 claim); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff has not alleged specific facts showing that any defendant agreed to accomplish an unlawful objective. Neither has he alleged facts from which any agreement could be inferred, or explained who Thompson was conspiring with or what was done in furtherance of the conspiracy. Therefore, plaintiff fails to state a claim for conspiracy.

For the reasons given in the court's previous order, plaintiff's motion does not state a claim against defendant Vasquez. He again alleges that Vasquez was Venderstyme's supervisor, but again does not allege that Vasquez was personally aware of Venderstyme's conduct.

As plaintiff has again failed to state cognizable claims against defendants Thompson and Vasquez, and has agreed that defendant Nagalama should be dismissed, these defendants should be dismissed without leave to amend.

Plaintiff has also filed a document titled "Motion: requesting the courts to order CDC to stop tampering with legal mail." Dckt. No. 16. Plaintiff alleges that he has written to the news media, the *Coleman* monitors, his appellate lawyer, and lawyers in charge of a class action, but did not receive responses. He has asked for a copy of his legal mail log, but has not received it. Plaintiff then filed another document titled "Motion: request a notice from the court: If I receive legal mail," which states that he believes that the institution did not mail his motions and service documents to the court. Dckt. No. 19. Plaintiff also states that he has now received a copy of his legal mail log.

////

Plaintiff is assured that the court has received all of the filings that he describes. Although plaintiff may be understandably disappointed at not receiving responses to his letters, it is not clear what relief that he seeks from this court. Prisoners do have a First Amendment right to send and receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995). However, this lawsuit proceeds only on the claims alleged in plaintiff's first amended complaint.

Accordingly, it is hereby ORDERED that:

1. The Clerk shall again send plaintiff a blank summons, four USM-285 forms and instructions for service of process on defendants Sahota, Venderstyme, Suarto, and Jaffe.

2. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons and the completed USM-285 forms for defendants Sahota, Venderstyme, Suarto, and Jaffe. The court will transmit them, together with the copies of the complaint that plaintiff has already submitted, to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendants Sahota, Venderstyme, Suarto, and Jaffe will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure.

3. Plaintiff's motion for an extension of time is granted.

4. Plaintiff's motion for an order to stop tampering with legal mail is denied.

5. The Clerk is directed to terminate docket entries 15, 16 and 17.

Further, it is hereby RECOMMENDED that defendants Thompson, Vasquez and Nagalama be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the

////

4

1  specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158

2  F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: June 21, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HENRY A. JONES,

      Plaintiff,                    No. CIV S-10-0326 MCE EFB P

    vs.

SAHOTA, et al.,

      Defendants.             NOTICE OF SUBMISSION OF DOCUMENTS

_____/

    In accordance with the court's order filed _____, plaintiff hereby submits the following documents:

        __1__        completed summons form

        __4__        completed forms USM-285

Dated:

                                              Plaintiff