IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HENRY A. JONES,

      Plaintiff,                        No. 2:10-cv-3206 MCE EFB P

   vs.

SAHOTA, et al.,

      Defendants.               FINDINGS AND RECOMMENDATIONS

                                /

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action proceeds on his claim that defendants Sahota, Venderstyme, Suarto, and Jaffe responded to his chronic insomnia with deliberate indifference in violation of his Eighth Amendment rights. *See* Feb. 9, 2011 Am. Compl., Dckt. No. 12. Through no fewer than ten motions, plaintiff seeks the issuance of a preliminary injunction mandating that (1) his insomnia be treated with appropriate medication, (2) he be housed in a single cell, (3) he be placed in the Enhanced Outpatient Program yard, (4) he be transferred to another institution, and (5) that the court monitor his mail and investigate the law library. *See* Dckt. Nos. 58, 63, 71, 72, 77, 81, 85, 87-1, 91, 99. Defendants have opposed plaintiff's motions. *See* Dckt. Nos. 60, 64, 75, 76, 78, 82, 92, 94. For the reasons stated below, plaintiff's motions for a preliminary injunction must be denied.

1

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions--that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another--survives *Winter* and continues to be valid. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.*

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

In resolving an earlier filed motion for a preliminary injunction, the court determined that plaintiff had not shown a likelihood of success on the merits of his claim that defendants' refusal to prescribe him sleep aid medication amounted to deliberate indifference. *See* Dckt. Nos. 53 at 9, 10 ("plaintiff has not demonstrated a likelihood of success on the merits [and] it is not likely that plaintiff will be able to demonstrate more than a difference of opinion concerning the

1  appropriate medical treatment for his insomnia."); Dckt. No. 62.  Additionally, the court
2  informed plaintiff that his general disagreement with the treatment he received is not enough to
3  establish deliberate indifference.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Jackson v.*
4  *McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th
5  Cir. 1988).  Additionally, evidence that medical caregivers disagreed as to the need to pursue one
6  course of treatment over another is also insufficient, by itself, to establish deliberate indifference.
7   *Jackson*, 90 F.3d at 332.  Rather, plaintiff must show that the course chosen by the defendants
8  was medically unacceptable under the circumstances.  *Jackson*, 90 F.3d at 332.

9  Again, plaintiff fails to demonstrate that he is likely to prevail on the merits, as he has not
10 offered evidence demonstrating that defendants' choice of treatment for plaintiff is "medically
11 unacceptable under the circumstances . . . and that [defendants'] chose this course in conscious
12 disregard of an excessive risk to plaintiff's health."  *Jackson*, 90 F.3d at 332.  Thus, plaintiff has
13 not shown that his preferred course of treatment amounts to more than a difference in opinion as
14 to the nature and extent of plaintiff's condition and the methodology of treatment.  *See Sanchez*
15 *v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (a difference in opinion between medical personnel
16 does not amount to deliberate indifference).  For this reason, plaintiff's motions must be denied.

17 Plaintiff's motions must also be denied to the extent that he seeks injunctive relief based
18 on claims arising out of events entirely distinct from his Eighth Amendment claim against
19 defendants.  Those claims are properly the subject of another lawsuit and cannot be cannot be
20 adjudicated in this action, where they cannot be properly exhausted through the administrative
21 appeals.  *See McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam) and
22 *Rhodes v. Robinson*, 621 F.3d 1002, 1004-07 (9th Cir. 2010) (together holding that claims must
23 be exhausted prior to the filing of the original or supplemental complaint); *Jones v. Felker*, No.
24 CIV S-08-0096 KJM EFB P, 2011 U.S. Dist. LEXIS 13730, at *11-15 (E.D. Cal. Feb. 11, 2011);
25 ////
26 ////

Fed. R. Civ. P. 20(a)(2) (multiple defendants may be joined in an action only where the suit regards "the same transaction, occurrence, or series of transactions or occurrences" or "any question of law or fact common to all defendants").

Through his numerous motions, plaintiff also asks that the court order non-parties to act. However, the court cannot issue an order against individuals who are not parties to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969). *See also Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Additionally, plaintiff speculates that he will irreparably harmed in the absence of a change in his housing status, but "[s]peculative injury does not constitute irreparable injury to warrant granting a preliminary injunction." *Caribbean Marine Servs. Co., v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988). Moreover, inmates do not have a constitutional right to be housed at a particular facility or institution or to be transferred, or not transferred, from one facility or institution to another. *Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam).

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for a preliminary injunction (Dckt. Nos. 58, 63, 71, 72, 77, 81, 85, 87-1, 91, 99) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

////

////

4

1 within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 31, 2012.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5